We'll hear the next case, Kline v. United States. Okay, I'll ask him. Mr. Simmons, good morning. You were late. I know, Judge. We were standing on line downstairs for about an hour. Well, you have to allow for that. Did you want to reserve any time for rebuttal? I did. Okay. You may proceed. May it please the Court, Your Honors, I am—my name is Howard Simmons. I represent Eric Kline in this matter. I am before you today, Your Honors, for your consideration of some very fundamental constitutional issues which were not addressed or were addressed in an extremely cursory way in the District Court. First of all, we are seeking the Court's intervention on the claim that the gathering of testimonial evidence from an SEC proceeding was introduced by the prosecution on its direct case at the trial and that this presentation of this SEC proceeding was a direct violation of Mr. Kline's due process rights. This was never addressed by Judge Jones in her consideration of the 2255 petition in 2012, except in an extremely cursory way. But it was raised, and the 2255 petition was sought, and it was denied, and the whole case was settled. So how do you come back now and say, now I don't think that she paid enough attention when that was all part of that case and therefore part of any appeal with respect to that case? That ain't what quorum nobis is about. Well, I suggest, Judge, that this is not a re-presentation of the same issue that Judge Jones took into consideration in the 2255. It doesn't matter whether she took it into consideration or not, or whether she erred at the time or not. That is all a matter for an appeal from her decision at that time. If she made a mistake, the time to raise that mistake was with respect to that one. I believe that it was raised. And what happened when it was raised? It was remanded, Judge. There was a remand on that. There was a remand on a question of whether you could bring habeas while you were out, when, I'm sorry, when habeas was brought while there was supervised release but decided after, and this Court said it could, and then the issue was decided against your client on the merits. And then if you didn't like the decision of the merits, the point to do is to appeal that decision. And if that opinion was appealed and that was upheld, that was the end of the case. If it wasn't appealed, then that was the end of the case. But you can't go back now and say, oh, well, we wanted it to come out differently, and so we bring quorum novis. Well, in fact, these habeas issues were not addressed on direct appeal, Judge, and that's why we're here before you. Again, if a court on appeal was wrong, then you seek cert. But you can't, because you don't like what a court or a court on appeal discussed in a previous case, come back and bring quorum novis. It just isn't, you know, what quorum novis is. Well, Your Honor, if you'd like, I will proceed to further issues in this case which were not the subject of Judge Jones's . . . The point is whether Judge Jones considered the issues or not, they could have been raised by your client, right? I understand that. You mean he brought 25 motions or applications relating to his 2005 conviction? Yes? Yes, Judge, approximately. He's appealed seven times already? Yes, Your Honor. This is the eighth appeal? That's true. How much longer is this going to go on? Well, this is the last effort here, Your Honor. I submit that . . . And the issues he's raising now, could they not have been raised in one of the earlier seven appeals? Many were. Many were, and we're submitting that they were not given any consideration or short shrift consideration in the court below. Certain issues we're raising here for the first time with the quorum novis application, Your Honor. I understand your concern that some of these issues were not raised on direct appeal on the court below, but a lot of these issues came to light through investigations and discovery following that time, even. All of which could have been done earlier? Your Honor, I am here as an attorney who came into this case following . . . Well, I mean, that's a good question. Why are you here? I mean, do you have a good faith basis for pursuing this? Of course, Your Honor. I do. I have many constitutional claims here that I would like to address to the court and I believe should be heard by this court. And there is a good faith basis for presenting those constitutional claims to the court, and that's the reason, the purpose for being here today. If you'd like me to proceed with argument on several of those constitutional claims, I will. You have five minutes. You can use it as you wish. All right, Judge. Secondly, I'd like to address the waiver of counsel issue. As you see in the briefs, Mr. Klein never waived his right to counsel. The direct appeal addressed whether the district judge erred in allowing Mr. Klein to proceed pro se, but there still, however, is an issue that remains, Your Honor, whether he waived his right to counsel and was, therefore, deprived of his Sixth Amendment right during a critical stage of the proceedings. So, again, the issue is whether he waived his right to counsel, which we submit he did not, and he was, therefore, deprived of his Sixth Amendment right to be presented by a lawyer during critical stages of the proceeding. These critical stages included the plea negotiations when he didn't have a lawyer, discussions of discovery when he didn't have a lawyer, and as Your Honors know, the right to counsel is continuous in federal courts. It's expressed in many, many court decisions, including Johnson v. Zerbst. So, again, Your Honors, I submit that a constitutional right of Mr. Klein was abrogated by him being forced by the district court to be pro se counsel and to act as his own attorney. Now, I take it you're saying that since he was deprived of counsel, he couldn't raise that claim on that appeal, but why couldn't he have raised it in habeas? Your Honor, that was another issue that was not in consideration before Judge Jones. The certificate of appealability on the 2255 did not address the deprivation of the Sixth Amendment right to counsel. Your question is why wasn't it presented in that? It was presented on direct appeal, however, Judge. And it remains in the court record, yes. And rejected. That's correct, Your Honor. The third issue I'd like to focus on, Your Honors, is the speedy trial issue. Mr. Klein's attorney, during his representation of Mr. Klein, during the course of the trial proceedings, never addressed the fact that the prosecution had exceeded the 70-day speedy trial statute by 82 days, which, in fact, is conceded by the government. And I'd like to draw your attention to a case that I cited in my brief, United States v. Marshall, where the D.C. Circuit vacated a conviction when an attorney failed to address a substantive speedy trial violation. And it is clear from the trial record in this case that this speedy trial issue was never addressed by Mr. Klein's attorney in the district court. Therefore, a clear violation of his due process rights. Another important issue, Your Honors, that I have outlined in my brief were the Brady-Giglio claims and violations which were never addressed by the prosecution, nor even commented on by Judge Jones. In fact, they were brought up in the 2255 habeas petition. And in fact, were never even addressed by Judge Jones in her decision, nor commented on at all by the prosecution. And I've charted all of that out in my brief before the court. Lastly, Your Honors, is the ineffective assistance of counsel issue. And this is an important, I believe an important issue in that the United States attorney, during the course of the trial and his direct case, had a government exhibit, which was 100A introduced into the trial, which was a letter composed by the prosecutor himself. Your Honors, the lead trial prosecutor himself presented inculpating and prejudicial evidence of Mr. Klein's guilt. And incredibly, Mr. Klein's lawyer never made reference to this unethical conduct by the government. There's nothing in the record. In fact, a view of the record is that he even consented to the introduction of this very prejudicial letter, which was, again, composed by the prosecutor himself, which made the prosecutor a witness. I'm sounding like a broken record, but why, again, wasn't this dealt with earlier? Again, Judge, these are issues that came to fore upon further review of the case and upon further investigation of the case. Many of these issues about the constitutionality of the conducting of the trial were presented in the 2255, but simply were given short shrift by Judge Jones. Some of them were not even responded to by the prosecutor in the case. And all of that is laid out in my brief, Your Honor. Lastly is the restitution issue. And I believe that I submitted a letter to the court regarding that and already also included it in the brief that was presented to the court. And the issue of the restitution stands out here as another example of the ineffective assistance of counsel that was presented to my client during the course of the trial and following the trial. When restitution was ordered to a 404B witness in excess of $42,000, and my client was ordered to pay another $77,000 in restitution. And none of this was ever even discussed with his attorney or even calculated in court or on the record or even presented at the trial. And again, this was a clear violation of my client's due process rights. In closing, I respectfully request that the court, based upon these constitutional arguments, vacate the convictions or in the alternative, remand the matter back to the chief judge of the district court for specific findings of fact. Thank you. We'll hear from the governor. Good morning. May it please the court. My name is Christopher Clore. I'm an assistant United States attorney here in the Southern District of New York. I represent the United States on appeal. Eric Klein is a vexatious litigant who, since his conviction, has filed dozens of frivolous motions, both with the district court as well as with this court. And that is despite an order from the district court ordering Klein to seek permission before filing additional post-trial motions. And despite two warnings from this court that additional frivolous motions would result in the imposition of sanctions. Moreover, each of Klein's claims are procedurally barred because they are untimely and were advanced on direct appeal and in subsequent habeas petitions, and are meritless because Klein has failed to demonstrate that he's suffered any prejudice as a result of the alleged errors. The instant petitions, therefore, are nothing more than further evidence of Klein's utter disregard for the district court's order, as well as this court's warnings. Accordingly, we would respectfully ask that this court uphold Judge Coates' denial of Klein's quorum nobis petitions. With that, unless the panel has any questions, the government rests on its brief. Thank you. Thank you. We'll reserve decision.